IT IS HEREBY ADJUDGED and
DECREED this is DENIED.

Dated: July 13, 2023

*[signature]*

Eddward P. Ballinger Jr., Chief Bankruptcy Judge
_____

The failure of debtor to request a hearing on this motion requires denial.

Trevor D. Reid
2121 N 44th St #4412
Phoenix, AZ 85008
Tel. 386-249-9739
Email: trevor.d.reid@gmail.com

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

In re:

TREVOR DOUGLAS REID

Debtor

Chapter. 13

Case No.  2:23-bk-03897-EPB

EMERGENCY MOTION TO CONTINUE STAY PURSUANT TO § 362(c)(3) & 11 U.S.C. § 1301 PER § 362(a)

---

Debtor Trevor Reid moves that the Court, pursuant to 11 USC § 362(c)(3), to continue the automatic stays in this bankruptcy as to all creditors, including in regard to non-filing codebtors. In support of this motion Debtor states:

## BACKGROUND

1. Debtor filed this case for protection under Chapter 13 of the United States Bankruptcy Code (the Code) on June 12th, 2023. Edward J. Maney was appointed as Chapter 13 Trustee.

2. Before Debtor's current Chapter 13 bankruptcy filing, Debtor had filed for protection under Chapter 13 of the Code on May 10th, 2023. The case number of the earlier case is 2:23-bk-03067-SHG.

3. The earlier case was dismissed on May 26th, 2023 because the Debtor missed the deadline to file schedules, statements, declaration(s), pay advices, and the Chapter 13 Plan.

4. The Debtor had gathered and drafted the required filings before finding out the case had been dismissed. Indeed, it was on the morning he prepared to make what he at that time thought was a timely filing that Debtor learned of the dismissal.

5. Debtor had already made his first payment toward filing fees in the earlier case on or about May 25th, 2023, indicative of his good faith intent to proceed with it.

6. Debtor's financial and personal affairs have changed substantially since the dismissal of the earlier case. These changes include, but are not limited to:

    a. Debtor's spouse has begun working.

    b. Pierce Peak, LLC, a creditor named in both bankruptcy cases that asserts it is the landlord of Debtor's residence, has sued the Debtor, along with non-filing co-debtors, in state court to evict them from their family home. Debtor moved to dismiss that eviction action. The action has been dismissed and is currently sealed as Ariz. Rev. Stat. § 33-1379 requires when the state court enters "an order that dismisses the action for eviction prior to entry of a judgment or that enters judgment in favor of the tenant." Nevertheless, Pierce Peak, LLC has, while the stay in this case is in effect, stated its intention to again sue the Debtor. (see EXHIBIT A).

    c. Although some discrimination and retaliation had already happened, since the dismissal of the earlier case, the Debtor and the non-filing co-debtors, each of whom is disabled as defined for the Fair Housing Act and the Americans with

Disabilities Act, have experienced additional discrimination and retaliation from their landlord after complaining to the landlord about its non-compliance with their lease and applicable state landlord tenant law.

d.  Debtor's landlord asserts the Debtor has incurred additional rent arrearages, so that the total rent the landlord most recently claims to be due exceeds $10,000. This affects the applicable jurisdiction of any dispute(s) between the landlord, Debtor and non-filing co-debtors in state court.

e.  Debtors have received threats of lien, lockout, auction and legal action, by email and early morning (6:12 AM) phone call(s) from Jim Glass of 34th Street Mini Storage, a creditor named in both bankruptcy cases. Both Mr. Glass and the storage company are in Florida. Florida law prohibits debt collection calls before 8:00 AM, according to the debtor's local time. Fla. Stat. 559.72(17). Mr. Glass was most recently reminded that the Debtor and his spouse resided in Arizona just seven (7) days before he made the call at 6:12 AM. Mr. Glass was also reminded of this ongoing bankruptcy case the same day he was reminded of the difference in time zones. The reminders were made in a writing which Mr. Glass acknowledged receiving, also in writing (via email.)

f.  The Debtor's claim for Arizona unemployment benefits, having already unexpectedly gone unpaid since April 20th, 2023 has, to best of Debtor's knowledge, become inactive with no resolution of so-called "active issues" and no finding of ineligibility (See EXHIBIT B).

    g. The Debtor has, since the dismissal of the earlier case, obtained new information that he will provide in appealing to receive disability benefits that were partially denied by the disability insurance provider of the Debtor's previous employer.

    h. The Debtor applied for the Department of Education's Fresh Start student loan relief program and was notified on July 3rd, 2023 that his student loans have been taken out of default and placed back in good standing. (See EXHIBIT C).

7. Within the past year, the Debtor has had only the one earlier bankruptcy case discussed above dismissed.

## DISCUSSION

8. The Automatic Stay provided for in 11 USC §362 ends 30 days after a petition is filed if a debtor had a prior petition pending less than a year ago that was dismissed. 11 USC §362(c)(3)(A). On a motion of a party in interest, the Court may extend the stay in particular cases as to all or any creditors if the movant shows that the filing of the later case is in good faith. A rebuttable presumption of bad faith arises when, as here, an earlier case has been dismissed for the Debtor's failure to file documents as required.

9. Here, although Debtor's earlier case was dismissed because he did not file documents by a deadline this was due to an excusable misunderstanding combined with the Debtor's own health problems and trying financial and personal circumstances. In regard to the deadline, Mr. Reid, who is proceeding pro se, misunderstood the mailing rule to allow him to file the documents — which he had worked while sick, stressed and seeking employment, to prepare as best he could — to be filed up through the end of the day on which that case turned out to be dismissed.

10. After all that work, realizing his mistake was actually heartbreaking to Mr. Reid. Nevertheless, it was not until Pierce Peak, LLC threatened, on June 7th 2023, to evict his family from their home (See EXHIBIT D) that he realized it would be necessary to file a second bankruptcy case instead of asking for reinstatement of the original case[1]. This was because the terms of the dismissal order precluded consideration of reinstating the case until the fees were paid in full. On the day Pierce Peak LLC's eviction threat arrived, Mr. Reid knew he would not have funds on hand to meet this requirement before the eviction proceeded.

11. The actions of two creditors in both cases (discussed above) and the posture of Debtor's previous employer, that the Debtor will contend wrongfully discharged him, toward his duly owed benefits have exacerbated his personal, financial and health difficulties. The Debtor definitely needs the protection of the Chapter 13 bankruptcy stay to prevent such tactics as the landlord's retaliation and Mr. Glass's unfair collection/business practices from creating a situation where it is practically impossible for the Debtor to pursue his own lawful claims.

12. Nevertheless, the Debtor Mr. Reid is resourceful and resilient, possesses skills in high demand, and has a track record of earning good wages ($140,000 or more annually). There is every reason to believe that Mr. Reid will return to work soon, as well as recover for his landlord's and past employer's conduct, receive previously denied disability benefits and as yet unresolved unemployment benefits. Especially in light of the additional resources that come from Mrs. Reid's new job, Debtor Trevor Reid fully expects to propose and successfully complete a Chapter 13 plan. He filed the present

---

[1] Although the written notice is dated ~~July~~ JUNE 6th, 2023 it was actually delivered in person the following day.

case in good faith to accomplish exactly that while protecting his family against eviction (i.e homelessness) and at least two unduly aggressive creditors.

CONCLUSION

For the foregoing reasons, Debtor requests that the Court enter an order extending the Automatic Stay of 11 USC §362 and 11 U.S.C. § 1301 as to all creditors for the term of his Chapter 13 bankruptcy. Debtor requests the Court to rule on this matter on an emergency basis in light of the fact that the 30-day period for the automatic stay will expire soon and that two creditors have already violated and/or threatened to violate the stay as it stands.

Respectfully submitted this 10th day of July 2023 by,

/s/ Trevor Reid

DEBTOR

[DENIED]

## CERTIFICATE OF SERVICE

I certify that the foregoing was submitted on July 10th, 2023 in the United States Bankruptcy Court for filing and transmittal of notice of electronic filing to the United States Trustee, the Chapter 13 Trustee and the ECF registrants appearing in this case.

/s/ Trevor Reid

DEBTOR



EXHIBIT A

DENIED

Because of the global COVID-19 pandemic, you may be eligible for temporary protection from eviction under the laws of your State, Territory, locality, or tribal area or under Federal law. Learn the steps you should take now:
- Visit www.cfpb.gov/eviction
- Or call a housing counselor at 800-569-4287

CAITLYN REID, CRYSTALE REASON, TREVOR REID
2121 N 44TH ST
Unit# 4412
PHOENIX, AZ 85008

July 5, 2023
Notice # 220193 AAA



## FIVE-DAY NOTICE FOR NONPAYMENT OF RENT

**LANDLORD:**
PIERCE PEAK LLC
DBA ARLO
2121 N 44TH ST
PHOENIX, AZ 85008

**TENANT(S):**
CAITLYN REID, CRYSTALE REASON,
TREVOR REID
JOHN AND JANE DOES I-X
2121 N 44TH ST
Unit# 4412
PHOENIX, AZ 85008

Dear Tenant: Our records indicate that the rent due and payable as of: July 1, 2023 is unpaid. Pursuant to A.R.S. 33-1368(B) we intend to terminate the Rental Agreement and your right of occupancy if the rent and other charges are not paid within five (5) days after your legal receipt of this notice. Periodic rent, late fees, and other charges, if applicable, continue to accrue and all accrued rent, fees and charges must be paid in full. Your late payment must be made in the form required for late payments under the terms of your Rental Agreement.

If the amounts due are not paid, an eviction action will be sought pursuant to A.R.S. 33-1377. In addition to requesting possession of the premises, we will be seeking all amounts due including attorney's fees, and court costs.

Total Amount Due     $10,064.14 as of July 5, 2023
Property Manager:

Make sure to add rent, late fees, and charges that accrue after July 5, 2023

| | |
|---|---|
| Rent Due | $9,967.76 |
| Total Late Fee | $61.38 |
| Notice Fee | $35.00 |
| **Amount Due** | **$10,064.14** |

Mailed Certified to Tenant(s): _____

Hand-Delivered: _____         By: _____

EXHIBIT B

DENIED



Arizona Department of Economic Security (https://des.az.gov)

*(https://des.az.gov)*

*Your Partner for a Stronger Arizona*

# Arizona Unemployment Insurance Benefits

◉ English  ○ Español

Logout

**TREVOR**
xxx-xx-xx64

Welcome    File Weekly Claim    View Claim Info    View Benefits Paid (1099)    Establish/Reset PIN    Establish/Reset Password

## View Claim Information: Claim Information

🖨 Print

### Unemployment Insurance Claim Information

**TREVOR**
xxx-xx-xx64

The balance remaining in your claim ending on 4/20/2024 is $7,680.00. Your claim is not in active status. To avoid losing benefits, File a Weekly Claim before 5:00pm on 7/14/2023.

If you have questions regarding your overpayment, please refer to the most recent Monthly Statement of Account or the Determination of Overpayment notice for contact information.

Your amount paid may have been reduced to repay an overpayment.

## Unemployment Insurance Payments

| Benefit Week | Amount Paid | Date Paid | Check Number | Earnings |
|---|---|---|---|---|

## Unpaid Claimed Weeks

Click on a paid or unpaid week date to display deductions to the benefit payment.

| Unpaid Week | Nonpayment Reason | Earnings |
|---|---|---|
| 06/10/2023 | Active Issues | $0.00 |
| 06/03/2023 | Active Issues | $0.00 |
| 05/27/2023 | Active Issues | $0.00 |
| 05/20/2023 | Active Issues | $0.00 |
| 05/13/2023 | Active Issues | $0.00 |
| 05/06/2023 | Active Issues | $0.00 |
| 04/29/2023 | Active Issues | |

## Unresolved Issues

| Established Date | Issue Reason | Status |
|---|---|---|
| 05/03/2023 | Discharge | Open |

*DENIED*

* Allow four weeks after the Established Date before contacting the UI Call Center regarding the status of the issue

## Disqualifications

*No Disqualifications found*

* <u>Appeals</u> of a Determination of Deputy (UB-100) must be filed within 15 days of the Determination Date to be timely. If the disqualification is from an Appeal Decision, information regarding further appeals is at the end of the decision.

## Information Regarding Reporting of Work and Earnings

Each time you file a weekly claim you must report if you performed any work or earned any money. You must report the total amount earned before deductions. It must be for the week in which the work was performed, even though you may not have been paid at the time you filed your claim. When reporting earnings, include tips, meals, lodging, merchandise, or any other kinds of payment for services. Payment for show-up time or process time is reportable even though you did not work. If you have earnings equal to or greater than your weekly benefit amount, you will not be entitled to benefits for that week.

The department regularly matches hiring information with employer records. Failure to report earnings may result in prosecution and payment of restitution.

If for any reason you question the wage information shown, you may protest. Your written protest must be mailed to: **Department of Economic Security, Unemployment Insurance Administration, P.O. Box 29225, Phoenix, Arizona 85038-9225** within 10 working days from the date you initially reported the wage information. Please include your full name, last four digits of your Social Security Number and a phone number where you may be reached. The protest period may be extended if the reason for failure to submit a timely protest was due to a delay or other action(s) of the United States Postal Service or misinformation by the Department of Economic Security.

Information regarding claims entered before 6:00 PM on state work days will be available the next morning. Information regarding claims entered on Sunday; state holidays and at night will be available in two days, except information regarding weekly claims entered on Sunday will be available on Monday morning.

DENIED

Privacy Policy (https://des.az.gov/privacy-statement)

Reasonable Accommodation (https://des.az.gov/equal-opportunity-and-reasonable-accommodation)

Disclaimer (https://des.az.gov/disclaimer)

f (https://www.facebook.com/OfficialArizonaDES) (https://twitter.com/arizonades) (https://www.youtube.com/azdesgov)

©2023 Arizona Department of Economic Security.

EXHIBIT C

DENIED





```
673333009   004061   **********AUTO**MIXED AADC 200
TREVOR D REID
2121 N 44TH ST APT 4412
PHOENIX AZ 85008-3256
```


July 3, 2023

ACCOUNT #: ▇▇▇▇▇▇

Dear TREVOR D REID:

Congratulations, your request to gain access to other Fresh Start benefits has been processed. The student loans(s) identified below have been taken out of default and transferred to Edfinancial Services.

**Loan(s) that have been transferred:**

 (FFEL) (FFEL) (Direct) (FFEL)

 (Direct) (Direct) (FFEL)

 (FFEL) (Direct) (Direct)

 (FFEL) (Direct)







**What does this mean?**

Your loan(s) has been placed back into good standing. You can now access the following programs (unless you are ineligible for reasons other than default):

- Income-driven repayment (IDR) plans, which can have monthly payments as low as $0 per month*
- Loan forgiveness programs such as Public Service Loan Forgiveness (PSLF)*
- Short-term relief options (deferments and forbearances)
- Pell Grants and federal student loans, so you can apply for more aid if you return to school

*Perkins Loans are not eligible for IDR plans and only Direct Loans are eligible for PSLF. But you may be able to become eligible by consolidating your loans into a Direct Consolidation Loan. For more information on loan consolidation, visit StudentAid.gov/manage-loans/consolidation.

**Who is managing my loan(s) now?**

Your loan(s) have been assigned to Edfinancial Services. Edfinancial Services can be reached at 1-855-337-6884.

**What happens after my loans transfer to Edfinancial Services?**

Your new servicer, Edfinancial Services, will send you additional information about your loan(s) in the coming weeks. They will let you know how to access your account on their website and how to make payments. Please allow at least two weeks from the date of this letter for Edfinancial Services to load your account to their system prior to contacting them with any questions.

**IMPORTANT NOTE:**



EXHIBIT D

Because of the global COVID-19 pandemic, you may be eligible for temporary protection from eviction under the laws of your State, Territory, locality, or tribal area or under Federal law. Learn the steps you should take now:
- Visit www.cfpb.gov/eviction
- Or call a housing counselor at 800-569-4287

CAITLYN A REID, CRYSTALE J REASON, TREVOR D REID
2121 NORTH 44TH STREET
Unit# 4412
PHOENIX, AZ 85008

June 6, 2023
Notice # 217669 AAA

## FIVE-DAY NOTICE FOR NONPAYMENT OF RENT

**LANDLORD:**
PIERCE PEAK LLC
DBA ARLO
2121 N 44TH ST
PHOENIX, AZ 85008

**TENANT(S):** Reference # 2121-4412
CAITLYN A REID, CRYSTALE J REASON, TREVOR D REID
JOHN AND JANE DOES I-X
2121 NORTH 44TH STREET
Unit# 4412
PHOENIX, AZ 85008

Dear Tenant: Our records indicate that the rent due and payable as of: June 1, 2023 is unpaid. Pursuant to A.R.S. 33-1368(B) we intend to terminate the Rental Agreement and your right of occupancy if the rent and other charges are not paid within five (5) days after your legal receipt of this notice. Periodic rent, late fees, and other charges, if applicable, continue to accrue and all accrued rent, fees and charges must be paid in full. Your late payment must be made in the form required for late payments under the terms of your Rental Agreement.

If the amounts due are not paid, an eviction action will be sought pursuant to A.R.S. 33-1377. In addition to requesting possession of the premises, we will be seeking all amounts due including attorney's fees, and court costs.

**DENIED**

Total Amount Due $6,621.70 as of June 6, 2023

Property Manager:

Make sure to add rent, late fees, and charges that accrue after June 6, 2023

| | |
|---|---:|
| Rent Due | $2,989.16 |
| Total Late Fee | $61.38 |
| Previous Balance | $3,436.21 |
| Utilities | $99.95 |
| Notice Fee | $35.00 |
| Amount Due | $6,621.70 |

★ Mailed Certified to Tenant(s): _____

★ Hand-Delivered: _____

By: _____